IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **HANS M. KOHLS,** | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | NO. 1:25-cv-1807-RP |
| **TESLA, INC.,** | § § § | |
| *Defendant.* | § § § | |

### AGREED MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

Plaintiff Hans M. Kohls ("Plaintiff") and Defendant Tesla, Inc. ("Tesla") (collectively, the "Parties") submit this Agreed Motion to Compel Arbitration and Stay Proceedings. As set forth below, the Parties jointly move to stay this case and compel it to arbitration. The basis for this relief follows:

1. Plaintiff is a former employee of Tesla. As a condition of his employment with Tesla, Plaintiff electronically executed Tesla's Mutual Arbitration Agreement (the "Arbitration Agreement"). The Arbitration Agreement generally requires that Plaintiff submit employment-related disputes to binding arbitration administered by JAMS.

2. On November 13, 2025, Plaintiff filed this case against Tesla alleging a variety of employment-related causes of action. *See* Doc. 3. After Plaintiff filed this lawsuit, counsel for Defendant contacted counsel for Plaintiff and requested that Plaintiff agree to move the lawsuit to arbitration pursuant to the Arbitration Agreement.

3. Counsel for Plaintiff responded that Plaintiff agreed to submit his claims to arbitration, subject to the following stipulations that the Parties have agreed to:

1

    a. The Parties request that the Court stay the federal action, and not dismiss it, pending completion of arbitration.

    b. Tesla agrees that all applicable statutes of limitation are tolled from the date the federal complaint was filed through the filing and pendency of the arbitration.

    c. The Parties will proceed under the JAMS Employment Arbitration Rules (provided that the class-action waiver in the Arbitration Agreement shall remain effective in all respects), with Tesla initiating the JAMS demand (or jointly filing) within a reasonably prompt time period following the Court's order compelling arbitration.

    d. Nothing about proceeding in arbitration is deemed a waiver of any claims, remedies, or fee-shifting rights available under applicable law.

4. District courts must stay a suit containing issues that are referable to arbitration under a written agreement to arbitrate until the arbitration "has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

5. Therefore, pursuant to Sections 2 and 3 of the Federal Arbitration Act and the Parties' agreement stated above, the Parties respectfully request that the Court stay this case and refer it to arbitration before JAMS subject to the stipulations above so that an arbitrator may resolve this dispute.

[*Signatures on following page.*]

Date: January 20, 2026                                   Respectfully submitted,

By: */s/ Andrew Rozynski*                                By: */s/ David R. Schlottman*
    Andrew Rozynski, Esq.                                    David R. Schlottman
    arozynski@eandblaw.com                                   dschlottman@jw.com
                                                             State Bar No. 24083807
    **EISENBERG & BAUM, LLP**                                Lauren M. Vogel
    24 Union Square East, Penthouse                          lvogel@jw.com
    New York, NY 10003                                       State Bar No. 24114574
    Tel: (212) 353-8700                                      **JACKSON WALKER LLP**
                                                             2323 Ross Avenue, Suite 600
    **ATTORNEY FOR PLAINTIFF HANS**                          Dallas, Texas 75201
    **M. KOHLS**                                             Tel: (214) 953-6000
                                                             Fax: (214) 953-5822

                                                             **ATTORNEYS FOR DEFENDANT**
                                                             **TESLA, INC.**

## CERTIFICATE OF SERVICE

I certify that on January 20, 2026, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and by U.S.P.S. Certified Mail to:

Andrew Rozynski, Esq.
24 Union Square East, Penthouse
New York, NY 10003
Tel: (212) 353-8700

                                                         */s/ David R. Schlottman*
                                                         David R. Schlottman

3